Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Harry B. Van Der Beek against Samuel Thomason. From a judgment in favor of plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

Frank Verner Johnson, for appellant.
Willoughby B. Dobbs, for respondent.

CLINCH, J. Plaintiff sued to recover damages resulting from an injury alleged to have been caused by defendant's negligence. Defendant set up on the trial a general release, which plaintiff testified he had executed voluntarily, and also that he had received from the defendant the sum therein named. Plaintiff's counsel objected that the release was signed without his consent, and it would seem that the learned justice refused to dismiss the complaint and allowed the case to go to the jury for this reason. It is well settled that a plaintiff has a right to settle his action at any time, whether his attorney consents or not. It has also been held that the Municipal Court has no power to enforce an attorney's lien, if, indeed, such a lien exists in that court. People ex rel. Jaffe v. Fitzpatrick, 35 Misc. Rep. 456, 71 N. Y. Supp. 191. It is apparent, for these reasons, that the complaint should have been dismissed.

Judgment reversed, and complaint dismissed, with costs. All concur.

---

RAPPAPORT v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term.    June 1, 1906.)

NEW TRIAL—GROUNDS—ADMISSION OF EVIDENCE.

In an action against a city railway company, where a witness was permitted without objection to testify that he was familiar with the rules of the company with reference to the motorman and conductor making a report of the accidents, and that the rules require that the conductor make a report in writing and drop it in the accident box, and in case the office happens to be closed to report it on the following day, and that there was no report on the records of the accident in question, the admission, over objection as not the best evidence, of his testimony that the rules referred to are printed in the rule book, was not ground for setting aside the verdict.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. New Trial, § 129.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Abraham Rappaport, an infant, against the New York City Railway Company. From an order setting aside a verdict in favor of defendant, he appeals. Reversed, and verdict reinstated.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

William E. Weaver, for appellant.
Frank Herwig, for respondent.

CLINCH, J. The action was to recover damages resulting from an accident alleged to have been caused by defendant's negligence. The order setting aside the verdict specifically states that this is done "on the ground that in the course of the trial evidence was erroneously received and admitted over the objection and exception on the part of the plaintiff." Defendant's witness Stack had been permitted to testify without objection that he was familiar with the rules of the New York City Railway Company with reference to the motorman and conductor making a report of accidents or being required to make one. He was then asked: "Are you familiar with the rules of the New York City Railway Company with reference to the motorman and conductor making a report of accidents, or required to make one?" He answered without objection: "Yes, sir." He was then asked:

"Q. Are they required to make one? A. Yes, sir; they are printed in the rule book. (Objected to as not the best evidence. The Court: Do you pass the question? Defendant's Counsel: I do. The Court: You do so at your peril. Question allowed. Plaintiff's counsel excepts.) Q. What are the requirements? A. They require that the conductor must make a report in writing about their accident and to drop it in the accident box, and in case the office happens to be closed for the day to come up the following day and report it. Q. You say there was no report on your records of this accident? A. Yes, sir."

There was no objection or exception to the last two questions, and the exception above noted, which is the only one on the entire record and upon which the court granted the motion to set aside the verdict, goes only to that part of the answer, "They are printed in the rule book." It is difficult to understand the extraordinary action of the court in setting aside the verdict of the jury in favor of the defendant upon this objection, both before and after. It is hard to see how the admission single exception, especially in view of the testimony admitted without of all this testimony, had it been objected to, could have prejudiced the plaintiff's case, inasmuch as the jury by their verdict showed that they did not believe he had sustained the burden of proof incumbent upon him.

The order should be reversed, with costs to appellant, and the verdict reinstated. All concur.